IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-612

 No. COA20-696

 Filed 16 November 2021

 Forsyth County, No. 20 CVS 951

 JOSEPH CRYAN, SAMUEL CRYAN, KERRY HELTON, THOMAS HOLE, RICKEY
 HUFFMAN, JOSEPH PEREZ, JOSHUA SIZEMORE, DUSTIN SPRINKLE, and
 MICHAEL TAYLOR, Plaintiffs,
 v.

 NATIONAL COUNCIL OF YOUNG MEN’S CHRISTIAN ASSOCIATIONS OF THE
 UNITED STATES OF AMERICA; YOUNG MEN’S CHRISTIAN ASSOCIATION OF
 NORTHWEST NORTH CAROLINA d/b/a KERNERSVILLE FAMILY YMCA and
 MICHAEL TODD PEGRAM, Respondent.

 Appeal by respondent from order entered 22 July 2020 by the Honorable

 Richard S. Gottlieb in Forsyth County Superior Court. Heard in the Court of Appeals

 26 May 2021.

 Lanier Law Group, P.A., by Donald S. Higley, II, for Petitioner-Appellee.

 Nelson Mullins Riley & Scarborough LLP, by Lorin J. Lapidus, for Respondent-
 Appellant.

 GORE, Judge.

¶1 The claims in the present matter arise from acts of sexual abuse by Defendant

 Pegram, while he was employed by the YMCA, on Plaintiffs, who were minors at the

 1
 CRYAN V. NAT’L COUNCIL OF YOUNG MEN’S CHRISTIAN ASS’N OF THE U.S.

 2021-NCCOA-612

 Opinion of the Court

 time of the abuse. The last act of sexual abuse by Pegram occurred approximately

 twenty years ago.

¶2 Based on Plaintiffs’ allegations, all claims became time-barred in 2015 under

 the then-applicable statute of limitations. The youngest Plaintiff turned 18 years of

 age in 2005. The longest limitations period for any of the claims was ten years.

 Accordingly, all claims in this action became time-barred by 2015.

¶3 Four years later, though, in 2019, our General Assembly enacted Section 1-

 17(e), which allows a person who was a victim of sexual abuse when (s)he was a minor

 to bring an action for claims “related to [the] sexual abuse” “within two years of the

 date of a criminal conviction” of the perpetrator of the sexual abuse. N.C. Gen. Stat.

 § 1-17(e) (2020). Here, the Complaint alleges that the perpetrator, Defendant

 Pegram, was convicted of various sex offenses. Defendant challenges the

 constitutionality of Section 1-17(e) which was enacted in 2019. And Plaintiffs

 commenced their previous time-barred claims in 2020, within two years of Pegram’s

 conviction pursuant to Section 1-17(e).

 I. Factual & Procedural Background

¶4 This is a case in which multiple victims allege they were sexually assaulted by

 Michael Todd Pegram (“Pegram”) while he worked as an employee of Defendant-

 Appellant Young Men’s Christian Association of Northwest North Carolina d/b/a

 Kernersville Family YMCA (“YMCA” or “Defendant”). In 2019, Pegram was convicted
 CRYAN V. NAT’L COUNCIL OF YOUNG MEN’S CHRISTIAN ASS’N OF THE U.S.

 2021-NCCOA-612

 Opinion of the Court

 for those crimes. On 14 February 2020, Plaintiffs-Appellees Joseph Cryan, Samuel

 Cryan, Kerry Helton, Thomas Hole, Rickey Huffman, Joseph Perez, and Michael

 Taylor (collectively, “Plaintiffs”) filed a complaint seeking compensatory and punitive

 damages from Defendant for assault, battery, negligent hiring retention and

 supervision of Pegram, negligent infliction of emotional distress, and intentional

 infliction of emotional distress.

¶5 On 1 June 2020, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6)

 of the North Carolina Rules of Civil Procedure on the basis that Plaintiffs’ claims are

 time barred because the North Carolina General Assembly’s amendments to N.C.

 Gen. Stat. § 1-17(e) (2019) and N.C. Gen. Stat. § 1-52(5), (16) and (19) (2019)

 (collectively “2019 amendments”) were in violation of the North Carolina

 Constitution. See SAFE Child Act, N.C. Session Law 2019-245, S.B. 199 (2019). N.C.

 Gen. Stat. § 1-17(e) states:

 (e) Notwithstanding the provisions of subsections (a), (b),
 (c), and (d) of this section, a plaintiff may file a civil action
 within two years of the date of a criminal conviction for a
 related felony sexual offense against a defendant for claims
 related to sexual abuse suffered while the plaintiff was
 under 18 years of age.

 N.C. Gen. Stat. § 1-17(e).

¶6 On 18 June 2020, Plaintiffs filed a motion pursuant to N.C. R. Civ. P. 42(b)(4)

 and N.C. Gen. Stat. § 1-267.1(a1) to transfer Defendant’s motion to dismiss to the
 CRYAN V. NAT’L COUNCIL OF YOUNG MEN’S CHRISTIAN ASS’N OF THE U.S.

 2021-NCCOA-612

 Opinion of the Court

 Wake County Superior Court for the appointment of a three-judge panel to determine

 the constitutionality of the amendments. N.C. Gen. Stat. § 1-267.1(a1) states:

 (a1) Except as otherwise provided in subsection (a) of this
 section, any facial challenge to the validity of an act of the
 General Assembly shall be transferred pursuant to G.S.
 1A-1, Rule 42(b)(4), to the Superior Court of Wake County
 and shall be heard and determined by a three-judge panel
 of the Superior Court of Wake County, organized as
 provided by subsection (b2) of this section.

¶7 N.C. Gen. Stat. § 1-267.1(a1) (2019). N.C. R. Civ. P. 42(b)(4) further provides:

 (b) Separate trials
 ...
 (4) Pursuant to G.S. 1-267.1, any facial challenge to the
 validity of an act of the General Assembly, other than a
 challenge to plans apportioning or redistricting State
 legislative or congressional districts, shall be heard by a
 three-judge panel in the Superior Court of Wake County if
 a claimant raises such a challenge in the claimant’s
 complaint or amended complaint in any court in this State,
 or if such a challenge is raised by the defendant in the
 defendant’s answer, responsive pleading, or within 30 days
 of filing the defendant’s answer or responsive pleading. In
 that event, the court shall, on its own motion, transfer that
 portion of the action challenging the validity of the act of
 the General Assembly to the Superior Court of Wake
 County for resolution by a three-judge panel if, after all
 other matters in the action have been resolved, a
 determination as to the facial validity of an act of the
 General Assembly must be made in order to completely
 resolve any matters in the case. The court in which the
 action originated shall maintain jurisdiction over all
 matters other than the challenge to the act’s facial validity.
 For a motion filed under Rule 11 or Rule 12(b)(1) through
 (7), the original court shall rule on the motion, however, it
 may decline to rule on a motion that is based solely upon
 CRYAN V. NAT’L COUNCIL OF YOUNG MEN’S CHRISTIAN ASS’N OF THE U.S.

 2021-NCCOA-612

 Opinion of the Court

 Rule 12(b)(6). If the original court declines to rule on a Rule
 12(b)(6) motion, the motion shall be decided by the three-
 judge panel. The original court shall stay all matters that
 are contingent upon the outcome of the challenge to the
 act’s facial validity pending a ruling on that challenge and
 until all appeal rights are exhausted. Once the three-judge
 panel has ruled and all appeal rights have been exhausted,
 the matter shall be transferred or remanded to the three-
 judge panel or the trial court in which the action originated
 for resolution of any outstanding matters, as appropriate.

 N.C. R. Civ. P. 42(b)(4) (2019) (emphasis added).

¶8 Defendant’s motion to dismiss, as well as Plaintiffs’ motion to transfer

 Defendant’s motion to dismiss to the three-judge panel in Wake County came on for

 hearing and oral argument on 17 July 2020 in Forsyth County Superior Court before

 the Honorable Richard S. Gottlieb. Because Defendant’s motion to dismiss was based

 solely upon Rule 12(b)(6), the trial court, declined to rule on the Rule 12(b)(6) motion,

 and granted Plaintiffs’ motion to transfer Defendant’s motion to dismiss to Wake

 County pursuant to N.C. R. Civ. P. 42(b)(4). The trial court entered an order

 transferring “the action” to the three-judge panel of the Wake County Superior Court

 on 21 July 2020, and issued an amended order entered 22 July 2020, correcting a

 typographical error.

¶9 On 17 August 2020, Defendant filed a notice of appeal. On 16 December 2020,

 Plaintiffs filed a motion to dismiss Defendant’s appeal, contending Defendant’s

 appeal is interlocutory and does not affect a substantial right. On 4 January 2021,
 CRYAN V. NAT’L COUNCIL OF YOUNG MEN’S CHRISTIAN ASS’N OF THE U.S.

 2021-NCCOA-612

 Opinion of the Court

 Plaintiffs’ motion to dismiss Defendant’s appeal was referred to this Panel. Also on

 4 January 2021, Defendant petitioned this Court to issue a writ of certiorari pursuant

 to Rule 21 of the North Carolina Rules of Appellate Procedure.

 II. Jurisdiction

 A. Interlocutory Nature of Defendant’s Appeal

¶ 10 Defendant argues the trial court’s order granting Plaintiffs’ motion to transfer

 Defendant’s motion to dismiss (“trial court’s order”) changed the venue of the case.

 Defendant contends since the right to venue established by statute is a substantial

 right, Defendant’s appeal of the trial court’s order is jurisdictionally proper before

 this Court. Plaintiff contends Defendant’s appeal is interlocutory and should be

 dismissed by this Court.

¶ 11 “An order is interlocutory ‘if it does not determine the issues but directs some

 further proceeding preliminary to final decree.’” Waters v. Qualified Pers., Inc., 294

 N.C. 200, 207, 240 S.E.2d 338, 343 (1978) (quoting Greene v. Laboratories, Inc., 254

 N.C. 680, 693, 120 S.E. 2d 82, 91 (1961)). “As a general proposition, only final

 judgments, as opposed to interlocutory orders, may be appealed to the appellate

 courts.” Hamilton v. Mortg. Info. Servs., Inc., 212 N.C. App. 73, 77, 711 S.E.2d 185,

 188 (2011) (citations omitted). “Appeals from interlocutory orders are only available

 in exceptional circumstances.” Hamilton, 212 N.C. App. at 77, 711 S.E.2d at 188,

 (citation and internal quotations omitted). “The rule against interlocutory appeals
 CRYAN V. NAT’L COUNCIL OF YOUNG MEN’S CHRISTIAN ASS’N OF THE U.S.

 2021-NCCOA-612

 Opinion of the Court

 seeks to prevent fragmentary, premature and unnecessary appeals by allowing the

 trial court to bring a case to final judgment before its presentation to the appellate

 courts.” Turner v. Norfolk S. Corp., 137 N.C. App. 138, 141, 526 S.E.2d 666, 669

 (2000) (citing Waters v. Personnel, Inc., 294 N.C. 200, 240 S.E.2d 338 (1978)).

¶ 12 N.C. Gen. Stat. § 1-277(a) and N.C. Gen. Stat. § 7A-27(a)(3)a create an

 exception to the rule against interlocutory appeals for appeals challenging an

 interlocutory order affecting a “substantial right.” A substantial right is one which

 will clearly be lost if the order is not reviewed before final judgment, such that the

 normal course of procedure is inadequate to protect the substantial right affected by

 the order sought to be appealed. Blackwelder v. State Dep’t of Human Res., 60 N.C.

 App. 331, 335, 299 S.E.2d 777, 780-81 (1983). The North Carolina Supreme Court

 defines a substantial right as follows: “A legal right affecting or involving a matter of

 substance as distinguished from matter of form: a right materially affecting those

 interests which a man is entitled to have preserved and protected by law: a material

 right.” Oestreicher v. Am. Nat’l Stores Inc., 290 N.C. 118, 130, 225 S.E.2d 797, 805

 (1976) (adopting the definition found in Webster’s Third New Int’l Dictionary (1971).

¶ 13 Defendant is correct in its contention that the right to venue established by

 statute is a substantial right. See Gardner v. Gardner, 300 N.C. 715, 719, 268 S.E.2d

 468, 471 (1980) (“There can be no doubt that a right to venue established by statute

 is a substantial right . . . [and its] grant or denial is immediately appealable.”)
 CRYAN V. NAT’L COUNCIL OF YOUNG MEN’S CHRISTIAN ASS’N OF THE U.S.

 2021-NCCOA-612

 Opinion of the Court

 However, the order did not grant, deny, change, or otherwise affect venue, and

 therefore did not affect a substantial right. See La Falce v. Wolcott, 76 N.C. App. 565,

 569, 334 S.E.2d 236, 239 (1985). The order entered addressed and sought to resolve

 an issue of subject matter jurisdiction, not an issue of venue.

¶ 14 Subject matter jurisdiction and venue are two distinct legal principles. Subject

 matter jurisdiction has been defined as “[a] court’s power to decide a case or issue a

 decree.” In re M.I.W., 365 N.C. 374, 377, 722 S.E.2d 469, 472 (2012) (quoting Black’s

 Law Dictionary 654, 927 (9th ed. 2009)). Venue, on the other hand, concerns “the

 proper or a possible place for a lawsuit to proceed, usually because the place has some

 connection either with the events that gave rise to the lawsuit or with the plaintiff or

 defendant.” Stokes v. Stokes, 371 N.C. 770, 772, 821 S.E.2d 161, 163 (2018) (cleaned

 up) (quoting Black’s Law Dictionary (10th ed. 2014)).

¶ 15 Plaintiffs’ motion to transfer Defendant’s motion to dismiss was based on

 Plaintiffs’ contention the three-judge panel in Wake County Superior Court had the

 statutory right, pursuant to N.C. R. Civ. P. 42(b)(4), to decide the constitutional issue

 raised by Defendant, not on a contention Wake County was a preferable location in

 comparison to Forsyth County. See In re M.I.W., 365 N.C. at 377, 722 S.E.2d at 472;

 see also Stokes, 371 N.C. at 772, 821 S.E.2d at 163. The transcript reflects the word

 “venue” is used once by the trial court, specifically when acknowledging that only the

 constitutional issue would be transferred, and that venue for the action would remain
 CRYAN V. NAT’L COUNCIL OF YOUNG MEN’S CHRISTIAN ASS’N OF THE U.S.

 2021-NCCOA-612

 Opinion of the Court

 in Forsyth County. Though the trial court’s order stated the “action” was being

 transferred to the three-judge panel in Wake County Superior Court, the order

 reflects the venue would remain in Forsyth County. See Holdstock v. Duke Univ.

 Health Sys., 270 N.C. App. 267, 279, 841 S.E.2d 307, 316 (2020) (citation omitted)

 (holding when a trial court transfers a facial challenge to a three-judge panel

 pursuant to N.C. R. Civ. P. 42(b)(4), it “maintain[s] jurisdiction over all matters other

 than the challenge to the act’s facial validity”).

¶ 16 Based on the language of the trial court as reflected in the transcript and on

 the face of its order, as well as the definitions of both “venue” and “subject matter

 jurisdiction,” we conclude that the trial court order transferring Defendant’s motion

 to dismiss to a three-judge panel in Wake County Superior Court was entered in

 compliance with the subject matter jurisdiction conveyed upon the three-judge panel

 by the General Assembly. It does not give rise to establishing or depriving Defendant

 of a substantial right. The trial court retained venue of the case in Forsyth County.

 Therefore, the trial court’s order is not immediately reviewable, and Defendant’s

 appeal is interlocutory.

 B. Defendant’s Petition for Writ of Certiorari

¶ 17 Under N.C.R. App. P. 21(a)(1), “a writ of certiorari will only be issued upon a

 showing of appropriate circumstances in a civil case where [inter alia] no right to

 appeal from an interlocutory order exists.” Stetser v. TAP Pharm. Prods. Inc., 165
 CRYAN V. NAT’L COUNCIL OF YOUNG MEN’S CHRISTIAN ASS’N OF THE U.S.

 2021-NCCOA-612

 Opinion of the Court

 N.C. App. 1, 12, 598 S.E.2d 570, 578-79 (2004). Consequently, “[i]t is an appropriate

 exercise of this Court’s discretion to issue a writ of certiorari in an interlocutory

 appeal where . . . there is merit to an appellant’s substantive arguments and it is in

 the interests of justice to treat an appeal as a petition for writ of certiorari.” Zaliagiris

 v. Zaliagiris, 164 N.C. App. 602, 606, 596 S.E.2d 285, 289 (2004). This Court has

 determined that such interests exist when the impact of the lawsuit is “significant,”

 the issues involved are “important,” and the case presents a need for the writ in the

 interest of the “efficient administration of justice,” or the granting of the writ would

 “promote judicial economy.” See Stetser 165 N.C. App. at 12, 598 S.E.2d at 578-79

 (granting review of a class action certification based on the “need for efficient

 administration of justice,” the “significance of the issues in dispute,” the “significant

 impact” of the lawsuit, the effect of the order on “numerous individuals and

 corporations” and the “substantial amount of potential liability” involved); see also

 Hill v. Stubhub, Inc., 219 N.C. App. 227, 232, 727 S.E.2d 550, 554 (2012) (granting

 review in order to “further the interests of justice”).

¶ 18 The issue Defendant raises on appeal presents the central question of what the

 appropriate requirements for a trial court are to transfer a case to be heard by a three-

 judge panel. Granting Defendant’s petition would afford this Court the opportunity

 to consider a relatively new statutory scheme which has limited jurisprudence

 surrounding it. In considering the issues raised by Defendant this Court will have
 CRYAN V. NAT’L COUNCIL OF YOUNG MEN’S CHRISTIAN ASS’N OF THE U.S.

 2021-NCCOA-612

 Opinion of the Court

 the opportunity to provide guidance and clarity to trial courts across North Carolina

 when evaluating the merits of a potential transfer of a case to a three-judge panel.

 For these reasons, we conclude that Defendant’s raised issue is “significant” and

 “important” and that granting the petition for writ of certiorari will “promote judicial

 economy” by providing trial courts with guidance on a novel and complex statutory

 scheme. See Stetser, 165 N.C. App. at 12, 598 S.E.2d at 578-79; see also Stubhub, 219

 N.C. App. at 232, 727 S.E.2d at 554.

 C. Trial Court’s Finding Plaintiff Raised a Facial Challenge

¶ 19 In 2014 the North Carolina General Assembly implemented a statutory

 scheme which requires certain challenges to its acts be decided by a three-judge panel

 in the Superior Court of Wake County. See N.C. Gen. Stat. §§ 1-81.1 and 1-267.1.

 These statutes only apply to “facial challenges to the validity of an act of the General

 Assembly, not as applied challenges.” Holdstock v. Duke Univ. Health Sys., 270 N.C.

 App. at 271, 841 S.E.2d at 311 (2020) (cleaned up); N.C. Gen. Stat. § 1-267.1(a1).

 Under the North Carolina Rules of Civil Procedure, for a facial challenge to the

 validity of an act of the General Assembly to be transferred to a three-judge panel the

 facial challenge must be raised by a claimant in the claimant’s complaint or amended

 complaint or by the defendant in the defendant’s answer, responsive pleading, or

 within 30 days of filing the defendant’s answer or responsive pleading. N.C. Gen.

 Stat. § 1A-1, Rule 42(b)(4). If the facial challenge is properly raised, “the court shall,
 CRYAN V. NAT’L COUNCIL OF YOUNG MEN’S CHRISTIAN ASS’N OF THE U.S.

 2021-NCCOA-612

 Opinion of the Court

 on its own motion, transfer that portion of the action challenging the validity of the

 act of the General Assembly to the Superior Court of Wake County for resolution by

 a three-judge panel . . . .” Id.

¶ 20 In the case sub judice, the initial constitutional challenge was raised in

 Defendant’s 1 June 2020 motion to dismiss. However, Defendant specifically stated

 that they were arguing the General Assembly’s 2019 amendments “are

 unconstitutional only as applied to the Kernersville YMCA on the particular facts of

 this case . . . .” No mention of a facial challenge was made until Plaintiffs’ motion to

 transfer Defendant’s motion to dismiss to a three-judge panel. In their motion to

 transfer, the Plaintiffs’ asserted that Defendant was in fact making a facial challenge

 to the 2019 amendments. Following Plaintiffs’ motion to transfer, Defendant

 reaffirmed they were making an as applied challenge to the constitutionality of the

 2019 amendments by filing an amended motion to dismiss (which maintained the as

 applied language) and arguing before the trial court at the hearing on the motion to

 transfer that their challenge was an as applied challenge.

¶ 21 In its order transferring Defendant’s motion to dismiss to a three-judge panel,

 the trial court stated, “[u]nder the provisions of N.C. Gen. Stat. § 1-267.1 and N.C.

 Gen. Stat. § 1-1A, Rule 42(b)(4), because Plaintiff has asserted facial challenges to

 the constitutionality of acts of the North Carolina General Assembly, the challenges

 must be heard and determined by a three-judge panel of the Wake County Superior
 CRYAN V. NAT’L COUNCIL OF YOUNG MEN’S CHRISTIAN ASS’N OF THE U.S.

 2021-NCCOA-612

 Opinion of the Court

 Court.” However, we conclude that Plaintiffs did not make a facial challenge to the

 constitutionality of the 2019 amendments. In fact, Plaintiffs specifically stated they

 were not arguing the 2019 amendments were unconstitutional, only that Defendant’s

 challenge was in fact a facial challenge. Further, even if Plaintiffs had made a facial

 challenge, they did so in a motion to transfer, not in their complaint as required by

 Rule 42(b)(4). In fact, making any argument the 2019 amendments were

 unconstitutional would be in direct opposition to Plaintiffs’ claims before the trial

 court. As Defendant made clear they were only making an as applied challenge to the

 2019 amendments, and the trial court did not make a determination itself that

 Defendant’s constitutional challenges were in fact a facial challenge, no facial

 challenge was made in the time prescribed by Rule 42(b)(4) for a court to be able to

 transfer a facial challenge to a three-judge panel.

¶ 22 Defendant YMCA moved to dismiss all claims, clearly making an “as applied”

 challenge to Section 1-17(e).1 Defendant does not challenge the authority of the

 General Assembly to create disabilities as a means of extending the time during

 which a sufferer of sexual abuse may sue. Rather, Defendant only challenges

 subsection (e)’s application to claims that had already become time-barred prior to its

 1 I note that Section 1-17(d) provides that a minor who suffers sexual abuse may sue a
 defendant for claims related to the sexual abuse has until (s)he turns 28 years of age to bring
 such action. Subsection (d) does not come into play in this present case as all Plaintiffs were
 over 28 years of age when the present action was commenced.
 CRYAN V. NAT’L COUNCIL OF YOUNG MEN’S CHRISTIAN ASS’N OF THE U.S.

 2021-NCCOA-612

 Opinion of the Court

 enactment in 2019. Indeed, our Supreme Court has held that “[a] right or remedy,

 once barred by a statute of limitations, may not be revived by an Act of the General

 Assembly. . . . But the Legislature may [only] extend at will the time within which a

 right may be asserted or a remedy invoked so long as it is not already barred by an

 existing statute.” Waldrop v. Hodges, 230 N.C. 370, 373, 53 S.E.2d 263, 265 (1949).

 See also Jewell v. Price, 264 N.C. 459, 461, 142 S.E.2d 1, 3 (1965).

¶ 23 While the trial court is free to transfer an action to a three-judge panel on its

 own motion based on a facial challenge to an act of the General Assembly, a trial

 court is not free to impute a facial challenge argument on a party. Nor is a trial court

 free to transfer a matter to a three-judge panel so that the three-judge panel may

 decide whether a facial challenge was raised. The plain language of the statutory

 scheme clearly provides that a party must affirmatively raise a facial challenge, and

 that facial challenge must be raised in either the claimant’s complaint/amended

 complaint or the defendant’s answer, responsive pleading, or within 30 days of the

 defendant’s answer or responsive pleading. N.C. Gen. Stat. §§ 1-81.1, 1-267.1, and 1-

 1A, Rule 42(b)(4). No such facial challenge was raised here. As a result, we conclude

 the trial court erred by transferring Defendant’s motion to dismiss to a three-judge

 panel.

 VI. Conclusion

¶ 24 We hold the trial court’s order transferring Defendant’s motion to dismiss to a
 CRYAN V. NAT’L COUNCIL OF YOUNG MEN’S CHRISTIAN ASS’N OF THE U.S.

 2021-NCCOA-612

 Opinion of the Court

 three-judge panel in Wake County Superior Court was an interlocutory order not

 affecting a substantial right. We also conclude that this case presents significant and

 important issues and grant Defendant’s petition for writ of certiorari in the interest

 of judicial economy. As a result, we necessarily deny Plaintiffs’ motion to dismiss

 Defendant’s appeal.

¶ 25 We hold neither party raised a facial challenge to the 2019 amendments and

 that the trial court erred by transferring Defendant’s motion to dismiss to a three-

 judge panel. Thus, we vacate and remand this matter to the trial court for further

 proceedings not inconsistent with this order.

 VACATE AND REMAND.

 Judge DILLON concurs.

 Judge CARPENTER dissents.
 No. COA20-696 – Cryan v. Nat’l Council of Young Men’s Christian Ass’n of the U.S.

 CARPENTER, Judge, dissenting.

¶ 26 Under N.C. R. App. P. 21(a)(1), “a writ of certiorari will only be issued upon a

 showing of appropriate circumstances in a civil case where [inter alia] no right to

 appeal from an interlocutory order exists.” Stetser v. TAP Pharm. Prods. Inc., 165

 N.C. App. 1, 12, 598 S.E.2d 570, 578-79 (2004). Consequently, “[i]t is an appropriate

 exercise of this Court’s discretion to issue a writ of certiorari in an interlocutory

 appeal where . . . there is merit to an appellant’s substantive arguments and it is in

 the interests of justice to treat an appeal as a petition for writ of certiorari.” Zaliagiris

 v. Zaliagiris, 164 N.C. App. 602, 606, 596 S.E.2d 285, 289 (2004). This Court has

 determined that such interests exist when the impact of the lawsuit is “significant,”

 the issues involved are “important,” and the case presents a need for the writ in the

 interests of the “efficient administration of justice,” or the granting of the writ would

 “promote judicial economy.” See Stetser 165 N.C. App. at 12, 598 S.E.2d at 578-79

 (granting review of a class action certification based on the “need for efficient

 administration of justice,” the “significance of the issues in dispute,” the “significant

 impact” of the lawsuit, the effect of the order on “numerous individuals and

 corporations” and the “substantial amount of potential liability” involved); see also

 Hill v. Stubhub, Inc., 219 N.C. App. 227, 232, 727 S.E.2d 550, 554 (2012) (granting

 review in order to “further the interests of justice”).

 -1-
 CRYAN V. NAT’L COUNCIL OF YOUNG MEN’S CHRISTIAN ASS’N OF THE U.S.

 2021-NCCOA-612

 CARPENTER, J., dissenting

¶ 27 The issues Defendant raises on appeal present the central question of whether

 the constitutional challenge to N.C. Gen. Stat. § 1-17(e) should be heard by a three-

 judge panel or an individual judge in Forsyth County. Defendant is not asking this

 Court to decide the constitutionality of the statute—nor is this Court the proper place

 to do so. Consequently, while Defendant’s raised issue is “significant” and

 “important” to the parties, it does not introduce a matter so pressing that the denial

 of Defendant’s petition would negatively affect the “efficient administration of justice”

 or work against our judicial economy. See Stetser, 165 N.C. App. at 12, 598 S.E.2d at

 578-79; see also Stubhub, 219 N.C. App. at 232, 727 S.E.2d at 554.

¶ 28 Rather, Defendant’s sub-issue—whether Defendant’s constitutional challenge

 is an as-applied or facial constitutional challenge—is a determination best made by

 the trial court and filtered through the statutory scheme prescribed by the

 legislature. See N.C. Gen. Stat. § 1-267.1 (2019). The trial court had the benefit of

 hearing arguments of counsel and receiving memoranda on the issues. Further, when

 the constitutional challenge is ultimately decided by the three-judge panel in Wake

 County Superior Court, the matter may be remanded back to the trial court upon any

 initial determination by the three-judge panel that it lacks jurisdiction to rule on the

 challenge because it is not a facial challenge. The legislature has contemplated and

 incorporated a de facto review of the initial determination of the trial judge by the

 appointed three judge panel. This Court’s grant of a petition for writ of certiorari to
 CRYAN V. NAT’L COUNCIL OF YOUNG MEN’S CHRISTIAN ASS’N OF THE U.S.

 2021-NCCOA-612

 CARPENTER, J., dissenting

 consider whether jurisdiction is proper with a three-judge panel in Wake County

 Superior Court based solely on Defendant’s assertion its constitutional challenge is

 “as-applied” shortcuts the statutory scheme prescribed by the legislature, would be

 an inappropriate circumvention of the process, and therefore would not “promote

 judicial economy,” but would interfere with the “efficient administration of justice.”

 See Stetser, 165 N.C. App. at 12, 598 S.E.2d at 578-79; see also Stubhub, 219 N.C.

 App. at 232, 727 S.E.2d at 554.

¶ 29 The legislature set forth a statutory scheme to address constitutional

 challenges to statutes. See N.C. Gen. Stat. § 1-267.1. In brief, a trial court

 determines, either by statutory mandate or in its discretion, to transfer subject

 matter jurisdiction of a constitutional challenge to a three-judge panel in Wake

 County; upon transfer, the issue is within the jurisdiction of the three-judge panel.

 In granting Defendant’s petition for writ of certiorari, this Court will create precedent

 for a new procedure whereby a party that disagrees with a trial judge’s referral of a

 constitutional challenge to a three-judge panel can petition this Court for a writ of

 certiorari. In such an instance, this Court will be tasked with explaining why the

 raised constitutional challenge in the case currently before it is distinguishable from

 any future constitutional challenge. The precedent that flows from the majority’s

 opinion will create a dilemma in which any disagreement between the parties as to

 whether a constitutional challenge is “facial” or “as applied” will be decided by this
 CRYAN V. NAT’L COUNCIL OF YOUNG MEN’S CHRISTIAN ASS’N OF THE U.S.

 2021-NCCOA-612

 CARPENTER, J., dissenting

 Court, rather than by the three-judge panel prescribed by statute. The precedent

 established here therefore has the potential to eliminate the role of the statutory

 three-judge panel in future constitutional challenges.

¶ 30 This Court, by granting Defendant’s petition for writ of certiorari, will also

 unwittingly decide that multiple classes in fact exist for purposes of the

 constitutionality of N.C. Gen. Stat. § 1-17(e). To do so is to take a critical step in

 determining the ultimate outcome of the central issue of the case before the trial

 court. It would be prudent for this Court to refrain from exercising its jurisdiction to

 grant Defendant’s petition for writ of certiorari in favor of and in deference to the

 statutory scheme prescribed by the legislature in N.C. Gen. Stat. § 1-267.1.

¶ 31 Lastly, granting Defendant’s petition for writ of certiorari creates an avenue

 for a party to draw out litigation, contrary to our goal of promoting judicial economy.

 The majority’s grant incentivizes parties who wish to delay a trial on the merits of a

 case to petition this Court for a decision as to whether the referral of an issue to the

 three-judge panel was proper in every instance. The risk of the emergence of such

 unnecessary appeals is exaggerated by the majority’s declination to identify reasons

 for this case’s unique importance or necessity to the protection of the interests of

 justice. In the future, this Court should expect petitions for writ of certiorari arising

 from similar referrals to three-judge panels. When the petitions arrive, this Court

 will have no precedence on which we may rely to deny granting certiorari to hear a
 CRYAN V. NAT’L COUNCIL OF YOUNG MEN’S CHRISTIAN ASS’N OF THE U.S.

 2021-NCCOA-612

 CARPENTER, J., dissenting

 challenge to a superior court judge’s order transferring a constitutional challenge of

 a statute to a three-judge panel.

¶ 32 Because I would determine jurisdiction to decide the constitutional issue is

 proper before the three-judge panel in Wake County, I would deny Defendant’s

 petition for writ of certiorari. I therefore respectfully dissent.